1
2
3
4
5
6
7
8                              UNITED STATES DISTRICT COURT

9                            NORTHERN DISTRICT OF CALIFORNIA

10                                   SAN JOSE DIVISION

11

12   EXPRESS DIAGNOSTICS INT'L, INC.,      )      Case No.: C 06-1346 JW (PVT)
                                            )
13                      Plaintiff,          )      **ORDER CONTINUING TO MAY 27,**
                                            )      **2008, HEARING ON PLAINTIFF'S**
14           v.                             )      **MOTION FOR PROTECTIVE ORDER**
                                            )
15   BARRY M. TYDING, et al.,               )
                                            )
16                      Defendants.         )
     _____)
17                                          )
     AND RELATED CROSS ACTION               )
18   _____)

19           On March 13, 2008, Plaintiff filed a Motion for Protective Order and Request for Stay

20   Pending Resolution of Location and PMKs for Rule 30(b)(6) Deposition of Express Diagnostics

21   International ("Plaintiff's Motion for Protective Order").  The motion has been fully briefed.

22   However, on April 9, 2008 District Judge Ware issued an order granting attorney William N.

23   Woodson's motion to withdraw as counsel for certain Defendants, in which Judge Ware also stayed

24   all pending filing deadlines for 30 days and set a further Case Management Conference for June 16,

25   2008 to discuss the posture of the case in light of Mr. Woodson's withdrawal.  In light of Judge

26   Ware's order,

27           IT IS HEREBY ORDERED that the hearing on Plaintiff's Motion for Protective Order is

28   continued to 10:00 a.m. on May 27, 2008.  Attorney Woodson had filed a declaration in opposition

1  to Plaintiff's Motion for Protective Order on behalf of all of his clients, including those whom he has

2  now withdrawn from representing – Defendants Barry M. Tydings, Merina T. Kisera, Zyon Int'l,

3  Inc., and Premium Diagnostics, Inc. ("the Unrepresented Parties").  The Unrepresented Parties are

4  entitled to appear and/or be represented at the hearing on Plaintiff's motion.  Thus, it would be

5  inappropriate to conduct the hearing before each of the Unrepresented Parties has either retained new

6  counsel and/or elected to appear *pro se*.  Judge Ware has set May 9, 2008 as the deadline for the

7  Unrepresented Parties to either identify substitute counsel or else file a notice of intent to self-

8  represent.  Once the Unrepresented Parties have done so, they may need some time to prepare for the

9  hearing on Plaintiff's Motion for Protective Order.  Thus, the court has scheduled the hearing for a

10 little over two weeks after the May 9th deadline.

11         IT IS FURTHER ORDERED that attorney Woodson shall promptly provide a copy of this

12 order to the Unrepresented Parties, and, if they retain substitute counsel, to their new counsel

13 promptly after that counsel substitutes in.

14         IT IS FURTHER ORDERED that, absent agreement of all parties or further order of the

15 court, the subject deposition(s) are stayed pending resolution of Plaintiff's Motion for Protective

16 Order.

17 Dated: *4/9/08*

18                                             PATRICIA V. TRUMBULL
                                              United States Magistrate Judge

19

20

21

22

23

24

25

26

27

28