UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EXPRESS DIAGNOSTICS INT'L, INC., <br><br>   Plaintiff, <br><br>   v. <br><br> BARRY M. TYDING, et al., <br><br>   Defendants. <br> _____ <br> AND RELATED CROSS ACTION <br> _____ | Case No.: C 06-1346 JW (PVT) <br><br> **ORDER RE PLAINTIFF'S MOTION FOR PROTECTIVE ORDER; AND** <br><br> **ORDER OVERRULING PLAINTIFF'S OBJECTION TO JOINDERS OF DEFENDANTS BEENTJES, TYDINGS AND KISERA IN OPPOSITION TO MOTION AND DENYING MOTION TO STRIKE** |

On March 13, 2008, Plaintiff filed a Motion for Protective Order and Request for Stay Pending Resolution of Location and PMKs for Rule 30(b)(6) Deposition of Express Diagnostics International ("Plaintiff's Motion for Protective Order"). The motion was continued to August 26, 2008, due to attorney William N. Woodson's withdrawal as counsel for certain Defendants and Judge Ware's orders staying all pending filing deadlines first for 30 days and then to August 7, 2008 (based on Defendant Tyding's heart surgery, and his critical and unstable health condition). On August 7, 2008, Defendants Patrick Beentjes, Elizabeth Beentjes, and Twin Spirit, Inc. filed a belated joinder in Defendant Amedica Biotech, Inc.'s opposition to Plaintiff's motion. On August 15, 2008, Defendant Barry Tyding, proceeding *in pro per*, filed a belated opposition to Plaintiff's motion. On August 20, 2008, Plaintiff filed an "Objection to the Joinder of Defendants Beentjes,

ORDER, *page 1*

Case 5:06-cv-01346-JW   Document 235   Filed 08/22/08   Page 2 of 5

Tydings and Kisera [Sic] in Opposition to Motion for Protective Order and Request to Strike." In addition to objecting to the belated filings, Plaintiff responded to those briefs on the merits. On August 21, 2008, Defendants Amedica Biotech, Inc. And Jianfeng "Jeff" Chen filed a "Rejoinder to Plaintiff's Objection to Joinder." The latter two documents filed by attorneys Mendoza and Strabala are replete with obstructionist posturing, sarcasm and hyperbole which is unbecoming an officer of the court. Based on the briefs and declarations submitted and the file herein,

IT IS HEREBY ORDERED that Plaintiff's motion for protective order is DENIED, conditioned on Defendants cooperating in developing a deposition schedule for *all* party depositions to be conducted in the San Francisco Bay Area so as to minimize the number of trips each party or their counsel must make. Counsel for the represented parties shall attend a deposition scheduling conference *in person* in this court's conference room, with the *pro per* parties participating either in person or by telephone at their option. Counsel and the pro per parties shall promptly meet and confer to select a day and time for the deposition scheduling conference. Counsel shall check with this court's courtroom deputy to ensure that Judge Trumbull will be available on the date selected.[1] If the parties cannot agree on a day and time, then no later than September 2, 2008, each party shall file a declaration setting forth all scheduling information for themselves and their counsel during the months of September, October and November and the court will set the schedule as it sees fit.

IT IS FURTHER ORDERED that Plaintiff's request that the court limit to two the number of Rule 30(b)(6) designees it must produce is DENIED as unnecessary. Plaintiff erroneously assumes that Rule 30(b)(6) requires it to designate the "persons most knowledgeable" about the topics identified in the deposition notice. That is the California state rule. Rule 30(b)(6) requires only that:

> "[t]he named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information *known or reasonably available to the organization*." (Emphasis added.)

Thus, so long as the designated individual is adequately prepared to provide the information "known

---

[1] While the court expects the parties to be able to schedule the depositions without assistance, in light of the antagonism between attorneys Strabala and Mendoza, the court prefers to be available to immediately resolve any conflicts.

or reasonably available to the organization" about a specified topic, he or she need not be the "person most knowledgeable" about that topic. The decision regarding how many individuals to designate and have prepare to fully testify on any given topic(s) is up to the party responding to the Rule 30(b)(6) deposition notice.[2] *See Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989)) (noting that if the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation).

IT IS FURTHER ORDERED that Plaintiff's objection and request to strike the belated filings by Defendants Patrick Beentjes, Elizabeth Beentjes, Twin Spirit, Inc. and Barry Tydings is OVERRULED and DENIED. While the better practice would have been for these Defendants to seek leave of court, under the circumstances of this case such leave would have been granted. Had Plaintiff then wished to file a further reply, leave to do so would also be granted. And, in fact, Plaintiff did include further reply arguments in her objection and request to strike.

IT IS FURTHER ORDERED that counsel shall refrain from including any further inflammatory language in future briefs and declarations submitted in connection with any discovery disputes. The court expects its officers to conduct themselves with civility and to treat each other with courtesy. The personal animosity attorneys Strabala and Mendoza have displayed toward each other has no place in court filings.

---

[2] The Ninth Circuit, in *dicta*, has suggested that a corporation served with a Rule 30(b)(6) notice must produce the "most qualified" person to testify. *See Mattel Inc. v. Walking Mountain Productions*, 353 F3d 792, 798, fn. 4 (9th Cir. 2003). However, the Ninth Circuit did not explain what it meant by "most qualified," and both Rule 30(b)(6) and numerous cases interpreting it have made clear that it only requires a responding corporation to designate one or more individuals to testify on its behalf, and to prepare those individuals to fully testify about each topic for which each has been designated to testify. *See, e.g., Marker v. Union Fidelity Life Insurance Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989) (responding corporation obligated to "prepare [one or more witnesses] so that they may give complete, knowledgeable and binding answers on behalf of the corporation"). Once a designated witness has been prepared to fully testify, that person is arguably the "most qualified," even if he or she was not initially the most *knowledgeable*. The fact that 30(b)(6) does not require production of the most "knowledgeable" person is evinced both by the lack of any such requirement in the rule, and by the fact that the rule requires the corporation to obtain consent to testify from individuals who are not officers, directors, or managing agents. Thus, where the person most "knowledgeable" is not an officer, director, or managing agent, a corporation cannot be compelled to produce that person for deposition if he or she does not consent. *See* FED.R.CIV.PRO. 30(b)(6) *advisory committee notes* (1970 amends.) ("an employee or agent who has an independent or conflicting interest in the litigation–for example, in a personal injury case–can refuse to testify on behalf of the organization").

ORDER, *page 3*

1   IT IS FURTHER ORDERED that counsel for Defendant Amedica Biotech, Inc. shall
2 promptly notify the Defendants representing themselves *in pro per* of the contents of this order and
3 that the hearing set for August 26, 2008 is off calendar.
4 Dated: *8/22/08*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

*Counsel automatically notified of this filing via the court' s Electronic Case Filing system.*

copies mailed on          to:

Barry M. Tydings
723 Casino Center Blvd., #2
Las Vegas, NV 89101

Merina T. Kisera
723 Casino Center Blvd. #2
Las Vegas, NV 89101

                               CORINNE LEW
                               Courtroom Deputy