IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Express Diagnostics Int'l, Inc., | NO. C 06-01346 JW |
| Plaintiff, | **ORDER DIRECTING PARTIES TO FILE JOINT STATEMENT OF UNDISPUTED FACTS; CONTINUING HEARING ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT** |
| v. | |
| Barry Tydings, et al., | |
| Defendants. | |

The parties are scheduled to appear before the Court on November 20, 2008 for a hearing on Defendants' Motions for Summary Judgment.[1] Having studied the parties' filings with respect to Defendants' Motions, the Court finds that the parties have not adequately framed the factual underpinnings of Plaintiff's trademark claims. The Court is unable, given the state of the parties' filings, to conclusively determine whether there are disputed issues of material fact associated with those claims. The Court does understand, however, that the main thrust of Defendants' motion relating to the trademark claims is that the alleged DrugCheck trademark is not protectable under the Lanham Act, either because (a) it is generic or (b) it is descriptive, and Plaintiff cannot provide evidence of secondary meaning associated with the mark.

Despite this relatively clear legal issue, the Court is not in a position to make an informed disposition of Defendants' motion because the parties do not direct the Court to any clear factual

---

[1] (Motion for Partial Summary Judgment on Plaintiff's Trademark Counts, Docket Item No. 197; Motion for Partial Summary Judgment on Plaintiff's Business Torts Count 11 through 14, Docket Item No. 212; Motion for Partial Summary Judgment on Plaintiff's Claims for Infringement of the Mark Drugcheck, Docket Item No. 253.)

United States District Court
For the Northern District of California

outline of the trademark claims. Nor do the parties clarify which relevant facts are in dispute or are undisputed, which is what the Court requires for its determination of a motion for summary judgment.

Accordingly, on or before **November 24, 2008 at 4 p.m.**, the parties shall file a Joint Factual Statement, according to the following terms:

The Joint Factual Statement shall take the form of a chart with three vertical columns.

(1) In the first column, Defendants shall list all facts **relevant to the issue of "secondary meaning,"**[2] which they contend are undisputed. All references shall be properly cited. This first column of undisputed facts shall be filed with the Court and served to Plaintiff's counsel on or before **November 10, 2008 at 4 p.m.**

(2) In the second column, Plaintiff shall respond to Defendants' undisputed facts by confirming which facts are undisputed and by clearly identifying which facts it disputes. For every disputed fact, Plaintiff shall point to evidentiary support in the record before the Court. All references shall be properly cited. This second column of facts shall be filed with the Court and served to Defendants' counsel on or before **November 17, 2008 at 4 p.m.**

(3) In the third column, Defendant shall rebut disputed facts put forth by Plaintiff. The final three-columned chart shall be filed with the Court by the **November 24** deadline, set out above.

In light of this Order, the Court continues the hearing and case management conference currently set for November 24, 2008 to **December 12, 2008 at 10 a.m.**[3]

---

[2] The Court finds that it can address the merits of Defendants' other contentions on the trademark claims and Defendants' entire motion on business torts without any additional factual statements.

[3] The Court takes Defendants' Motion re: Plaintiff's Contempt and Objections to Magistrate's Discovery Order (Docket Item No. 217) under submission without oral argument. See Civ. L.R. 7-1(b).

2

On or before **December 5, 2008 at 3 p.m.**, the moving party shall compile a three ring binder (to be lodged with the Court by the way of the Clerk's office) containing (1) the motions and any supporting memorandum of law; (2) the opposition memorandum; (3) any reply memorandum; and (4) any exhibits and declarations in support or opposition to the motion, which shall be clearly labeled with tabs.

Dated:  November 3, 2008

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Joanna R. Mendoza jmendoza@theiplawfirm.com
Joseph Lawrence Strabala legal@quantumsi.com
Martin H. Orlick mho@jmbm.com
Richard Allen Nebb rnebb@vierramagen.com
William N. Woodson wnw@woodsonallen.com

**Dated: November 3, 2008**          **Richard W. Wieking, Clerk**

                                     **By:    /s/ JW Chambers
                                           Elizabeth Garcia
                                           Courtroom Deputy**