IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Express Diagnostics Int'l, Inc., | NO. C 06-01346 JW |
| Plaintiff, | **ORDER DENYING DEFENDANTS PATRICK BEENTJES, ELIZABETH BEENTJES AND TWIN SPIRIT, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT; INVITING PLAINTIFF TO FILE RULE 11 MOTIONS AGAINST DEFENDANTS** |
| v. | |
| Barry M. Tydings, et al., | |
| Defendants. | |

Presently before the Court is Defendants Patrick Beentjes, Elizabeth Beentjes and Twin Spirit, Inc's ("Beentjes Defendants") Motion for Partial Summary Judgment. (hereafter, "Motion," Docket Item No. 278). Defendants Amedica Biotech, Inc., Jeff Chen and Barry Tydings have joined in the Beentjes Defendants' Motion.[1] The Beentjes Defendants move for summary judgment on the ground that Plaintiff has acquiesced to the Beentjes Defendants' use of the DrugCheck trademark.

In its January 15, 2009 Order, the Court granted in part and denied in part Defendants Amedica and Chen's motions for summary judgment. (See January 2009 Order, Docket Item No. 277.) Specifically, the Court found that there was insufficient evidence to show that Plaintiff had

---

[1] (Notice of Joinder in Defendants' Beentjes and Twin Spirit, Inc. Motion for Summary Judgment of Non-Infringement for Sale of DrugCheck Products Exported Under a License from the Trademark Owner, hereafter, "Amedica Joinder," Docket Item No. 279; Defendant Barry Tydings' Joinder Regarding Motion for Summary Judgment, Docket Item No. 297.)

somehow acquiesced in any of the Defendants' use of the DrugCheck trademark.[2] (January 2009 Order at 11.) Defendants Amedica and Chen had relied on a purported indemnification from the previous owner and licensor of the DrugCheck mark–a company called DFWA– granted to Amedica. (Id.) The Court found that summary judgment was inappropriate on the grounds that there was no documentary evidence of an indemnity agreement between DFWA and Amedica, and there was no evidence showing that DFWA had the ability to acquiesce on behalf of Plaintiff. (Id.)

In their Motion, the Beentjes Defendants present the same evidence and arguments that were considered in the Court's January 2009 Order. Thus, the Court finds that the Beentjes Defendants have not established the absence of a genuine issue of material fact regarding their acquiescence defense to Plaintiff's trademark infringement claims. Accordingly, the Beentjes Defendants' Motion for Partial Summary Judgment in DENIED.

Further, the Court invites Plaintiff to file Rule 11 motions for monetary sanctions against Defendants to recover fees and costs for having to respond to what appears to be a duplicative summary judgment motion. Specifically, Defendants Amedica and Chen's joinder in the Beentjes Defendants' motion, in the face of the Court's explicit ruling in its January 2009 Order without any new evidence, raises a serious question for the Court as to how the parties are conducting this entire litigation.

In light of this Order, the Court VACATES the hearing on February 23, 2009. The parties shall appear for the Preliminary Pretrial Conference previously scheduled for **February 23, 2009 at 11 a.m.**

Dated: February 19, 2009

JAMES WARE
United States District Judge

---

[2] As outlined in the January 2009 Order, acquiescence is an equitable defense, which is available "when a plaintiff has responded to a defendant's actions with implicit or explicit assurances upon which the defendant relied." Emmpresa Cubana Del Tabaco v. Culbro Corp., 213 F. Supp. 2d 247, 276 (S.D.N.Y. 2002). This defense may be employed "only in those cases where the trademark owner, by affirmative word or deed" conveys its consent to another with respect to use of the trademark. Id.

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Joanna R. Mendoza jmendoza@theiplawfirm.com
Joseph Lawrence Strabala legal@quantumsi.com
Martin H. Orlick mho@jmbm.com
Richard Allen Nebb rnebb@vierramagen.com
William N. Woodson wnw@fsowlaw.com

Dated:  February 19, 2009        Richard W. Wieking, Clerk

                                 By:     /s/ JW Chambers
                                         **Elizabeth Garcia**
                                         **Courtroom Deputy**