UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EXPRESS DIAGNOSTICS INT'L, INC., <br><br>          Plaintiff, <br><br>     v. <br><br>BARRY M. TYDING, et al., <br><br>          Defendants. <br><br>AND RELATED CROSS ACTION | Case No.: C 06-1346 JW (PVT) <br><br>**ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL WITHOUT PREJUDICE TO RENEWED MOTIONS AFTER THE PARTIES MEET AND CONFER AS REQUIRED BY THIS COURT'S CIVIL LOCAL RULES 1-5(n) AND 37-1(a)** |

On January 27, 2009, Plaintiff filed a motion to compel Defendant Twin Spirit, Inc. to produce supplemental responses and documents.[1] Defendants Twin Spirit, Inc., Patrick Beentjes and Elizabeth Beentjes opposed the motion. On January 30, 2009, Plaintiff filed motions to compel Defendants Kisera and Tydings to produce supplemental responses and documents. Defendants Kisera and Tydings have not responded to Plaintiff's motions. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on the moving, opposition and reply papers submitted, and the file herein,

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

1    IT IS HEREBY ORDERED that Plaintiff's motions to compel are DENIED. Plaintiff fails to
2 make the threshold showing of how all the information sought is relevant to any claim or defense in
3 this action. *See Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D.Cal. 1995) (party seeking to
4 compel discovery has burden to show that its request satisfies the relevancy requirements of Rule
5 26(b)(1)). Moreover, Plaintiff's efforts to meet and confer with the responding parties did not satisfy
6 the requirements of this court's local rules. *See* CIVIL L.R. 1-5(n) & 37-1(a). Local Rule 1-5(n)
7 provides, in relevant part:

> "'Meet and confer' or 'confer' means to communicate directly and discuss in good faith the issue(s) required under the particular Rule or order. Unless these Local Rules otherwise provide or a Judge otherwise orders, such communication may take place by telephone. The mere sending of a written, electronic, or voice-mail communication, however, does not satisfy a requirement to 'meet and confer' or to 'confer.' Rather, this requirement can be satisfied only through direct dialogue and discussion – either in a face to face meeting or in a telephone conversation."

12    While Plaintiff's counsel claims there was an in person meet and confer session, her
13 description of that session shows that it was nothing more than Plaintiff's counsel notifying
14 Defendants that "the depositions to be taken by EDI were dependent upon the receipt of the
15 documents that needed to be produced in response to then pending discovery requests." There is
16 nothing in the record to show that Plaintiff's counsel made any attempt to have any "direct dialogue
17 and discussion" regarding any of the specific document requests currently in dispute.[2]

18    IT IS FURTHER ORDERED that this order is without prejudice to one or more new motions
19 to compel after Plaintiff engages in a proper meet and confer with each responding Defendant. For
20 each document request Plaintiff seeks to compel in any new motion to compel, it shall make an
21 appropriate threshold showing of relevance, and shall "show how the proportionality and other
22 requirements of FRCivP 26(b)(2) are satisfied." *See Soto v. City of Concord*, 162 F.R.D. at 610; and
23 CIVIL L.R. 37-2.

24    IT IS FURTHER ORDERED that during further meet and confer discussions, for each
25 disputed request for documents, the parties shall address the following issues: 1) what categories of

---

[2] Nor did the e-mails Plaintiff's counsel sent later address each specific document request for which Plaintiff seeks to compel additional responses and production. In light of the large number of document requests Plaintiff has put at issue in these motions, Plaintiff's meager meet and confer efforts are particularly troubling. The court expects Plaintiff to make a genuine effort to work with each responding Defendant to narrow the number of document requests in dispute.

documents the request seeks that have *not* yet been produced; 2) what kind of documents exist that may be responsive to the request; and 3) the likelihood that the responsive documents will provide information relevant to the issues in dispute. If any issues remain unresolved with any Defendant, or if any Defendant fails to participate in the meet and confer in good faith, Plaintiff may file a new motion to compel as to that Defendant.

IT IS FURTHER ORDERED that the court will not deem claims of privilege waived by Defendant by any delay that may have occurred in serving their responses. However, to the extent a Defendant served an unsigned response, that Defendant must serve a signed copy of the response on Plaintiff postmarked no later than April 24, 2009 if they wish to preserve the claim of privilege.

IT IS FURTHER ORDERED that Plaintiff's motion for sanctions is DENIED. *See* CIVIL L.R. 7-8(a) (sanctions motions "must be separately filed"). Given that a party does not know the outcome of a motion to compel until the court rules, the better practice is to wait until the court rules on a motion to compel before filing any motion for sanctions that may be warranted in light of the ruling.

Dated: *4/13/09*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | ***Counsel automatically notified of this filing via the court's Electronic Case Filing system.*** |
| 4 | |
| 5 | <u>copies mailed on             to:</u> |
| 6 | Barry M. Tydings |
|   | 723 Casino Center Blvd., #2 |
| 7 | Las Vegas, NV 89101 |
| 8 | Merina T. Kisera |
|   | 723 Casino Center Blvd. #2 |
| 9 | Las Vegas, NV 89101 |

                                          CORINNE LEW
                                          Courtroom Deputy

ORDER, *page 4*